[No. D046783. Fourth Dist., Div. One. Mar. 20, 2006.]

ZENITH INSURANCE COMPANY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, BEACH CITIES
SURGERY CENTER et al., Respondents.

COUNSEL

Proskauer Rose and Lary Alan Rappaport for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Michael T. Morris for Respondents Pain Intervention Therapy of San Diego and Beach Cities Surgery Center.

OPINION

McINTYRE, J.—Zenith Insurance Company (Zenith), a workers' compensation insurance carrier, seeks review of an order by the Workers' Compensation Appeals Board (the Board) refusing to reconsider the decision of a workers' compensation judge (the WCJ) awarding facility fees to two outpatient medical treatment centers. We conclude the Board erred in denying the petition for reconsideration because the lien claimants failed to establish their licensure or accreditation as an essential element of their lien claims. As such, the Board's decision was not supported by substantial evidence and is annulled.

### FACTUAL AND PROCEDURAL BACKGROUND

Gilberto Capi injured his lower back while working as a book binder for International Coil Bindery, then insured for workers' compensation claims by Zenith. Capi received outpatient medical treatment for his injury from various providers, including Beach Cities Surgery Center (Beach Cities) and Pain Intervention Therapy of San Diego (PIT; together the lien claimants). Zenith settled Capi's claims via a compromise and release; however, it disputed the reimbursement claims made by several of Capi's health care providers, including the claims for facility fees sought by the lien claimants.

At a lien conference hearing, Zenith informed the WCJ that it had filed a civil action against the lien claimants and others that alleged, among other things, that the lien claimants illegally billed for facility fees when they were unlicensed and unaccredited in violation of the Business and Professions Code and the Health and Safety Code. (*Zenith Ins. Co. v. Brett L. Allen et al.* (Super. Ct. San Diego County, 2004, No. GIN036344).) Zenith presented a copy of its civil complaint to the WCJ, requested additional time to complete discovery and for the matter to be stayed pending resolution of its civil action. A pretrial conference statement listed the issues in dispute, including whether the lien claimants engaged in a fraudulent scheme involving billing

improprieties. The WCJ refused to continue the matter and the case proceeded to trial. In his findings of fact and order, the WCJ allowed the liens of Beach Cities and PIT, in the respective amounts of $22,100 and $24,000.

Zenith filed a petition for reconsideration with the Board, challenging that portion of the findings and order awarding facility fees to the lien claimants. Zenith argued that the awards were (1) unjust or unlawful because the WCJ refused to stay the claims or allow it to present evidence regarding the legal status of the lien claimants; and (2) not supported by the evidence because the lien claimants failed to meet their burden of proving that they were licensed or accredited to operate an outpatient facility and thus were not entitled to collect facility fees. The WCJ recommended denial of reconsideration, concluding that Zenith had waived the issues raised in its petition by not raising them at trial and could not shift the burden of proof to the lien claimants because it did not frame the issues in this fashion.

The Board adopted the recommendation of the WCJ and denied reconsideration. Zenith filed this petition for review, asserting that the Board erred in denying its petition because the awards were not supported by the evidence and it should have been allowed to present evidence that the lien claimants were operating illegally. We issued a writ of review. Although we invited the lien claimants to file an answer to the petition, they have filed no response and we decide this matter based on the petition and the record. (Cal. Rules of Court, rule 17(b).)

## DISCUSSION

■ Our Legislature has recognized that many surgical procedures are performed in numerous types of outpatient settings and determined that, although the health professionals delivering the services are licensed, further quality assurance is needed to ensure that the services are safely and effectively performed. (Bus. & Prof. Code, § 2215.) To implement this intent, the Health and Safety Code contains regulatory and licensing provisions governing different types of outpatient settings. (Bus. & Prof. Code, § 2217.) Notably, it is illegal to operate an outpatient setting in California, including ambulatory surgical centers and surgical clinics, if the outpatient setting is not properly licensed or accredited. (Health & Saf. Code, §§ 1248, subd. (c), 1248.1, subds. (a), (d), (f) & (g), 1248.8.)

■ In workers' compensation matters, the burden of proof rests on the party or lien claimant "holding the affirmative of the issue." (Lab. Code, § 5705; see § 3202.5.) Where the injured employee does not prosecute his or her claim, the lien claimant bears the burden of establishing the injury, entitlement to benefits and the reasonable value of the services. (2 Cal.

Workers' Comp. Practice (Cont.Ed.Bar 4th ed. 1998) § 15.82, p. 1108.) Although there is not a great deal of case law on this issue, a lien claimant must also prove that its services were properly provided, meaning it complied with applicable licensure or accreditation requirements. (*PM & R Associates v. Workers' Comp. Appeals Bd.* (2000) 80 Cal.App.4th 357, 370 [94 Cal.Rptr.2d 887] [lien claimant had the burden to prove its liens were for properly provided services, including whether it had complied with the provisions of Business and Professions Code section 2069 and the attendant regulations governing medical assistants]; *Hand Rehabilitation Center v. Workers' Comp. Appeals Bd.* (1995) 34 Cal.App.4th 1204, 1212–1213 [40 Cal.Rptr.2d 734] [lien claimant had the burden of proving lien was for properly provided services, including documentation that properly licensed personnel supervised the therapy as required by official medical fee schedule]; see *Continental Medical Center etc. v. Workers Comp. Appeals Bd.* (2000) 65 Cal.Comp.Cases 162, 164–165 [lien claimant medical center was not entitled to payment for medical treatment because it was not a professional corporation at the time of applicant's treatment]; 9 Witkin, Cal. Procedure (4th ed. 1996) Appeal, § 922, p. 960 [board decisions may be cited for their persuasive value].)

 Accordingly, in order to establish their right to reimbursement, the lien claimants bore the burden of proving they were properly licensed or accredited. Although the Board stated that Zenith was attempting to shift the burden of proof to the lien claimants, the foregoing discussion establishes that the lien claimants bore the initial burden of proof on this issue and they failed to do so. Thus, the award was not supported by substantial evidence.

The Board also concluded that Zenith waived the issue by not raising it; however, this alleged failure did not obviate the lien claimants' burden of proof. (See *Kunz v. Patterson Floor Coverings, Inc.* (2002) 67 Cal.Comp.Cases 1588, 1591.) Based on these conclusions, we need not reach Zenith's alternative claim that the Board erred in denying reconsideration because the WCJ improperly barred it from presenting evidence that the lien claimants were operating illegally.

Therefore, we annul the Board's order and remand the matter to the Board for further proceedings, including, if necessary, further development of the record. (Lab. Code, § 5906.)

## DISPOSITION

The order denying reconsideration is annulled. The matter is remanded to the Board to grant the petition for reconsideration and conduct further proceedings in accordance with this opinion.

McConnell, P. J., and Irion, J., concurred.